Ari E. Moss (SBN 238579)
MOSS BOLLINGER, LLP
15300 Ventura Blvd., Suite 207
Sherman Oaks, CA 91403
Ph: (310) 982-2984
Fax: (818) 963-5954
ari@mossbollinger.com

Attorneys for Plaintiff Arsen Karapetyan

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ARSEN KARAPETYAN,** ) | **CASE NO. 2:23-cv-02522-SPG-JC** |
| ) | |
| **Plaintiffs,** ) | **STIPULATION FOR JUDGMENT** |
| **vs.** ) | |
| ) | **COMPLAINT FILED:** April 4, 2023 |
| **ALLSTATE INSURANCE** ) | |
| **COMPANY and DOES 1 through 10,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STIPULATION FOR JUDGMENT

WHEREAS, when Plaintiff Arsen Karapetyan is not a native speaker of English, and does not read or write English with ease;

WHEREAS, when Plaintiff Arsen Karapetyan applied for insurance through Allstate Insurance's mobile application, he represented that he was the registered owner of a 2021 BMW 530E, VIN Number WBA13AG06NCK06675 ("Insured Vehicle");

WHEREAS at the time Arsen Karapetyan represented that he was the registered owner of the Insured Vehicle, he did not understand the difference between registered owner and owner, and as such Mr. Karapetyan believed himself to the be owner because he had the right to possess and use the Insured Vehicle;

WHEREAS at the time Arsen Karapetyan represented he was the owner of the Insured Vehicle, he did not appear on the title;

WHEREAS, at the time Arsen Karapetyan applied for insurance from Allstate, Allstate's internal policies stated that to have an insurable interest in a vehicle, the person seeking insurance, must be an "owner";

WHEREAS, at the time Arsen Karapetyan applied from insurance from Allstate, Allstate's internal policy was that "owner", for the purposes of underwriting, meant that the applicant for insurance must appear on title;

WHEREAS, at the time Arsen Karapetyan applied for insurance from Allstate, he did not know he had to listed on title to be considered an owner for the purposes of having an insurable interest pursuant to Allstate's underwriting guidelines;

WHEREAS, because Arsen Karapetyan was not the owner of The Insured Vehicle, as defined by Allstate, according to Allstate Arsen Karapetyan did not have an insurable interest; and

WHEREAS, Allstate issued a policy to Arsen Karapetyan through Allstate Northbrook Indemnity Company, based on the belief that Arsen Karapetyan was the owner as defined and required by Allstate's underwriting rules.

NOW THEREFORE, given Allstate's definition of "owner" Plaintiff and Allstate stipulate and agree that at all relevant times, Plaintiff did not have an insurable interest, and as such, his claims against Allstate, as alleged in the complaint should be adjudged and decreed against him.

Therefore, the parties stipulate and agree that the Court should entered judgment against Arsen Karapetyan in the manner contained in the proposed judgment filed concurrently herewith.

IT IS SO STIPULATED.

Moss Bollinger, LLP

DATE: January 31, 2024          By:_____

Ari E. Moss,
Attorneys for Plaintiff


Sheppard Mullin Richter & Hampton

DATE: January 31, 2024          By:_____

John Edson,
Attorneys for Defendant